UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA

Chapter 13 Plan (Recommended Form)

In Re: **Alicia M Armendariz**    Case Number: **10-09016-13**

```
_____ FILED
_____ ENTERED
_____ LODGED
_____ RECEIVED

     JUN - 9 2010

CLERK, U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY RP                    DEPUTY
```

☑ Original Plan   *See attachment behind this page*
☐ Amended Plan

CREDITORS: YOU SHOULD READ THIS PLAN CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. CONFIRMATION OF THIS PLAN BY THE BANKRUPTCY COURT MAY MODIFY YOUR RIGHTS IN SEVERAL WAYS INCLUDING PROVIDING FOR PAYMENT OF LESS THAN THE FULL AMOUNT OF YOUR CLAIM, SETTING THE VALUE OF THE COLLATERAL SECURING YOUR CLAIM, AND SETTING THE INTEREST RATE ON YOUR CLAIM.

1. **Plan Payments.** There shall be paid to the Chapter 13 Trustee the amount of *See page 1A ¶5* _____ each month by debtor(s), or any entity from whom debtor(s) receive income, in such installments as agreed upon with the Trustee, for payment of all existing debts of debtor(s) pursuant to this Plan, except as the Court may otherwise order. Payments from debtor(s) shall begin within 30 days of filing the petition or conversion order. Debtor(s) submit all future income to the supervision and control of the Trustee during this case and agree to pay sufficient funds to the Trustee on or before five years from commencement of this case to fully complete this Plan.

2. **Pre-confirmation Adequate Protection Payments.** If direct payments to creditors pursuant to §1326(a) are made, debtor will immediately provide trustee evidence of the payments including the creditor name and address and the amount and date of each payment. Trustee is under no obligation to adjust filed and allowed claims unless there is a court order or specific written direction from the claimant.

3. **Administrative Claims.** Trustee will pay allowed administrative claims and expenses in full pursuant to §1326(b) as set forth below unless the holder of such claim has agreed to a different treatment of its claim:

    (A). Trustees Fees: The Chapter 13 Trustee shall receive a fee at the time of each disbursement, the percentage of which is set by the United States Trustee.

    (B). Debtor's Attorney Fees: Debtor's attorney shall be paid after creditors listed in paragraph 7 except as checked below:

    **N/A**
    ____ Attorney fees to be paid in full prior to other claims. (Do not check this option if lease payments/adequate protection payments are necessary).

    ____ Attorney fees to be paid at the rate of $_____ per month prior to other claims. (If no amount is filled in attorney will be paid after creditors listed in paragraph 7).

    (C). Except as ordered by the court, other §1326(b) claims will be paid in installments as set by the trustee in advance of other claims. All other claims entitled to priority and post petition claims allowed by law shall be paid in full by deferred payments in such priority and installments as the trustee in his discretion deems appropriate, unless this plan specifically provides otherwise.

4. **Specified Leases, Personal Property (Trustee to pay).** Debtor(s) elect to assume the existing lease of personal property with the below named creditors:

    (A). REGULAR LEASE PAYMENTS: After payments provided in prior paragraphs, trustee shall make distribution to named lease creditors in the installment specified from funds available for distribution monthly until claim is paid in the amount allowed. Any option to purchase or any payments under a carry-over provision shall be paid by debtor(s) directly.

    (B). ARREARS LEASE PAYMENTS: After the regular monthly lease payment above, trustee shall pay any lease arrears to named lease creditors in the installment specified from funds available monthly until claim is paid in the amount allowed.

| Name of Creditor | Regular Monthly Payment Installment | Estimated Arrears | Arrears Installment |
|---|---|---|---|
| N/A | | | |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

Prepared for the UNITED STATES BANKRUPTEY COURT
SOUTHERN DISTRICT OF CALIFORNIA

Chapter 13 Plan

In Re:  Alicia M Armendariz

Case Number: <u>10-09016-13</u>

June 9, 2010

Explanation:  I, Alicia Armendariz and Brian Armendariz, have attempted to pay JPMORGAN CHASE BANK, CHASE HOME FINANCE, LLC, or CALIFORNIA RECONVEYANCE with a Promissory Note, which COPY is attached to this page. Our escrow agent is holding the Note in escrow, and they have not responded and have refused our offer to date. My husband, Brian Armendariz, has filed a Security Agreement under the UCC-1 Financing statement in the State of California, Filing No. 08-7164793196 It is recorded with the county of San Diego and the Secretary of State. He has secured the property. We both want to settle the matter and are willing to pay for the property once again.

In my Chapter 13 plan there are 2 options for proceeding with payments to the creditors:

OPTION 1:  David L. Skelton as fiduciary for Alicia Armendariz and/or Brian Armendariz will handle the full and complete payments of all creditors working with JPMORGAN CHASE by accessing Brian's treasury to settle all creditor accounts.

OPTION 2:  Continue with the Bankruptcy through ADVERSARIAL PROCEEDINGS in a Bankruptcy Court of Record to settle all creditor accounts.

Plan Dated:                                             Debtor: *Alicia Armendariz* (signature)

Page 1A of 5

| NEGOTIABLE | INTERNATIONAL PROMISSORY NOTE (UNCITRAL CONVENTION) | NEGOTIABLE |
|---|---|---|

Note Number: PN-090519589904BAA

Pay to the
**Order- JPMORGAN CHASE BANK, NA, CHASE HOME FINANCE, LLC, or CALIFORNIA RECONVEYANCE Co.**

Date: May 10, 2010

**$ 530,000.00 USD**

\*\*\*\*  FIVE HUNDRED THIRTY THOUSAND AND 00/100   \*\*\*\* DOLLARS

### Exempt Priority Pre-Paid Account # F32686047

This instrument is an UNCONDITIONAL INTERNATIONAL PROMISSORY NOTE (UNCITRAL CONVENTION) tendered by the Undersigned Respondent, Brian Anthony Armendariz©, Authorized Representative, hereinafter "Maker," in good faith, and in accordance with law, as codified at Articles 1-7, Articles 11, 12, 13, 14(1), Articles 46(3) and Article 47-4(c). and Public Policy at House Joint Resolution 192 of June 5, 1933, as full satisfaction of a alleged debt claimed and allegedly owed in favor of Payee herein, i.e. **CHASE HOME FINANCE, LLC**, d.b.a. a debt collector, as per Payee's/Debt Collector's Presentment:

On this 10th day of May 10 2010, I, BRIAN ANTHONY ARMENDARIZ©, By this negotiable instrument governed by UNCITRAL CONVENTION, promise to Pay to **JPMORGAN CHASE BANK, CHASE HOME FINANCE, LLC, or CALIFORNIA RECONVEYANCE COMPANY $530,000.00** USD without interest or other charges, Payable on demand upon presentment of this original instrument properly endorsed on or after May 10, 2010 AD, at 270 Park Avenue, Floor__, New York, New York 10017. Alleged Creditor: **CHASE HOME FINANCE, LLC,** Alleged Account No.: 6788122_____ Alleged Amount Due: **$530,000.00**. A true and correct copy of Presentment is attached hereto, made fully part hereof, and included herein by reference. This statement constitutes Maker's promise for paying this instrument upon presentment and Indorsement, at Maker's location.

As an operation of law, Payee/Debt Collector tacitly consents and agrees that there is accord and satisfaction by use of this instrument for satisfying Payee's/Debt Collector's claim and Maker is hereby discharged from liability on this alleged account and the obligation is suspended in pursuant to UNCITRAL CONVENTION codified at Articles 1-7, Articles 11, 12, 13, 14(1), Articles 46(3) and Article 47-4(c).

BRIAN ANTHONY ARMENDARIZ©TRUST


..................................................................   **DATED**_____, 20___
By, Brian Anthony Armendariz, Maker
**"As good as Aval"** Authorized Representative, Secured Party, Without Recourse UCC 1-308
CUSIP # 556119904 ;      Prepaid Account No.:  F32686047
Private Set off Account Number: BRIAN ANTHONY ARMENDARIZ/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


Witness .................................................................   Witness.................................................................

<u>Authorized person indorse below.  Print name and official title when presenting this Instrument for payment.  Government-issued ID with photograph required, i.e. only the following types of ID accepted: state-issued Drivers License; state-issued Identification Card; Passport.</u>

_____
Printed Name of Indorser

_____
Official Title of Indorser

_____
Date of Presentment and Indorsement

_____
Form of Photo Identification

_____
Form of Official Identification

_____
Signature of Indorser

Right Thumb Print

Date: _____

Respondent's Private International Administrative Remedy Demand No. PN-090519589904BAA

Registered Number for US Department of the Treasury:  RA 087 680 998 US
Registered Number for Federal Reserve Bank: RA 087 681 004 US
Registered Number for Office of Comptroller of Currency: RA 087 681 018 US

VOID WHERE PROHIBITED BY LAW

Case Number: *10-09016-13*

5. **Specified Secured Claims, Personal Property.** After payments provided for by prior paragraphs, Trustee shall make payment to creditors (their agents and assigns) named in this paragraph whose claims are allowed secured solely by personal property. Each named creditor shall be paid in installments from funds available for distribution monthly, non-cumulative, as indicated until claim is paid in amount allowed secured plus interest at seven percent (7%) per annum unless a different percentage is specified below. The balance of the claim shall be treated as unsecured. Upon confirmation, creditor will be deemed to accept the classification, valuation and interest rate set forth and payment pursuant to this provision will be binding, even if creditor is not subject to §506 valuation, unless creditor timely objects and the court orders otherwise.

| Name of Creditor | Allowed Secured Value | Installment | (Optional) % Interest |
|---|---|---|---|
| N/A | | | |

6. **Specified Secured Claims, personal Property (§506 valuation not applicable) (purchase money security interest in vehicles purchased for personal use within 910 days of filing the petition or other secured debt within one year of filing the petition).** Creditors named in this paragraph shall be paid in the same priority as creditors listed in paragraph 5 above but in full for allowed claims secured solely by personal property for which §506 valuation is not applicable. Each named creditor shall be paid in installments from funds available for distribution monthly, non-cumulative, as indicated until claim is paid in amount allowed plus interest at seven percent (7%) per annum unless a different percentage is specified below. Upon confirmation, the interest rate set forth will be binding unless creditor timely objects and the court orders otherwise.

| Name of Creditor | Estimated Claim | Installment | (Optional) % Interest |
|---|---|---|---|
| N/A | | | |

7. **Domestic Support Obligations.** After payments provided for in prior paragraphs, allowed claims for a domestic support obligation as defined by §507(a)(1), shall be paid, as to amounts due and payable at the commencement of the case, in full 100% to those creditors named below in installments from funds available for distribution monthly, non-cumulative, as indicated until claim is paid in amount allowed without interest unless an optional interest percentage is specified below. Holders of claims for domestic support obligations, other than creditors specifically named will be paid as indicated in paragraph 3 of this plan. Post-petition support shall be paid by the debtor directly to support creditors as such payments become due and payable.

| Name of Creditor | Estimated Arrears | Installment | (Optional) % Interest |
|---|---|---|---|
| N/A | | | |

**Assigned Domestic Support Obligations not to be paid in full.** If debtor's projected disposable income for a period of five years will be applied to make payments under the plan, debtor may provide for less than full payment to assigned Domestic Support Obligations (DSOs) defined in §507(a)(1)(B). Although the unpaid DSOs remain nondischargable, after creditors provided for in prior paragraphs, debtor proposes to pay the below named assigned DSO creditors on their filed and allowed claims in installments from funds available for distribution monthly, non-cumulative, as indicated until the equivalent of 60 months of projected disposable income has been paid into the plan for distribution to creditors. If there are any remaining funds after payment to other creditors pursuant to the plan, those funds may be paid to any creditor in this paragraph whose claim is not paid in full.

| Name of Creditor | Estimated Claim | Installment |
|---|---|---|
| N/A | | |

Case Number: *10-09016-13*

8. **Secured Co-debtor claims.** After payments provided for by prior paragraphs, creditors (their agents and assigns) named in this paragraph who have allowed claims secured by personal property with a co-debtor liable thereon, shall be paid by the trustee 100% of the claim as allowed plus interest at the contract rate (if clearly specified in the claim) in installments as indicated. Installments are to be paid from funds available for distribution monthly non-cumulative. If no contract rate of interest is clearly specified in the claim, pay the interest rate specified below or if none specified, pay 12% A. P. R. interest.

| Name of Creditor | *N/A* | Installment | (Optional) % Interest |
|---|---|---|---|
| _____ | _____ | _____ | _____ |

9. **Real Estate or Mobile Homes (Trustee to pay arrears only).** Notwithstanding any other provision of this plan, during this case and following completion of this case, debtors shall make the usual and regular payments (including any balloon payments) called for by any security agreements supporting non-voidable liens against debtor's real estate or mobile home, directly to lien holders in a current manner. However, arrears to named lien holders (their agents and assigns) shall be paid in installments by Trustee from funds available for distribution monthly, non-cumulative, and except for creditors paid pursuant to prior paragraphs of this plan, shall be paid in advance of periodic distribution to other creditors. Each named creditor shall be paid in installments indicated until arrears claim is paid in amount allowed plus interest at seven percent (7%) per annum, unless a different percentage is specified below.

Provisions of this paragraph shall operate to cure any default of any real estate or mobile home security agreement notwithstanding that by the terms thereof, or by the laws or processes of a governmental unit, the time for redemption or reinstatement has expired. If there exist creditors not dealt with by this plan holding statutory or other liens against debtor's real estate or mobile home and the obligation is fully due, for reasons other than the exercise of power of acceleration for failure to make installment payments, unless the Court orders otherwise, debtor(s) will pay said claim directly to said creditor in full on or before six months time following the date of confirmation of this Plan. Unless otherwise specifically provided for elsewhere in the plan, secured tax claims shall be paid as though secured only by personal property even if also secured by real property.

| Name of Creditor | *N/A* | Estimated Arrears | Installment | (Optional) % Interest |
|---|---|---|---|---|
| _____ |  | _____ | _____ | _____ |
| _____ |  | _____ | _____ | _____ |
| _____ |  | _____ | _____ | _____ |

10. **Real Estate or Mobile Home (Trustee to pay entire claim).** Notwithstanding any other provisions of this plan, the below named creditors (their agents and assigns) who have security agreements supporting non-voidable liens against debtor's real estate or mobile home or are cross-collateralized shall be paid in installments by Trustee from funds available for distribution monthly, non-cumulative, and except for creditors paid pursuant to prior paragraphs of this plan shall be paid on their allowed claims in advance of periodic distribution to other creditors. Each named creditor shall be paid in installments as indicated until the allowed secured claim is paid 100% plus interest at seven percent (7%) per annum, unless a different percentage is specified below.

| Name of Creditor | *N/A* | Estimated Claim | Installment | (Optional) % Interest |
|---|---|---|---|---|
| _____ |  | _____ | _____ | _____ |
| _____ |  | _____ | _____ | _____ |

Case Number: 10-09016-13

11. **Other secured personal property creditors and lease creditors.** After payments provided for in prior paragraphs, Trustee shall pay holders of other claims allowed secured solely by personal property. Any creditor holding a lease on personal property in debtor's possession with a filed and allowed claim, unless specifically dealt with elsewhere in this plan, shall be treated as a secured creditor herein. All claims pursuant to this paragraph shall be paid pro-rata with other such creditors to the amount allowed plus interest at seven percent (7%) per annum unless a different percentage is specified below and in advance of distribution to general unsecured creditors:

N/A    (Optional) % interest _____

12. **Unsecured co-debtor claims.** After payments provided for by prior paragraphs, creditors (their agents and assigns) named in this paragraph who have allowed unsecured claims with a co-debtor liable thereon, shall be paid by the trustee 100% of the claim as allowed plus interest at the contract rate (if clearly specified in the claim) in installments as indicated. Installments are to be paid from funds available for distribution monthly non-cumulative. If no contract rate of interest is clearly specified in the claim, pay the interest rate specified below or if none specified, pay 12% A.P.R. interest.

Name of Creditor    N/A    Installment    (Optional) % Interest

13. **Non-priority Unsecured Claims.** After dividends to all other creditors pursuant to the plan, trustee may pay dividends pro-rata to claims allowed unsecured. Unsecured non-priority creditors will receive:

_____ % or a pro-rata share of $_____, whichever is greater. (The dollar amount is the greater of (1) the non-exempt assets or (2) the applicable commitment period of 36 or 60 months multiplied by debtor's projected disposable income). If both the percentage and dollar amount are left blank, trustee is to pay 100% to unsecured creditors. If the percentage is left blank, trustee will pay the dollar amount to unsecured creditors. If the percentage is filled in at less than 100% and the dollar amount is left blank, trustee is authorized to increase the percentage if necessary to comply with the required applicable commitment calculation.

N/A

14. **Special Unsecured Claims.** Notwithstanding any other provision of the plan, creditors named in this paragraph shall be paid as an unsecured claim but in full 100% of the claim amount allowed [Debtors represent compliance with section §1322(b)(1)].

Name of Creditor    N/A    Optional interest rate

15. **Exclusion of creditor.** Notwithstanding any other provision of the plan, debtor(s) elect to assume the existing lease or contract with creditors in this paragraph. These named creditors shall not be dealt with or provided for by this plan. All pre-petition and post-petition payments due to listed creditors, including defaults, shall be disallowed as claims for payment herein, unless agreed upon by the Trustee with notice and an opportunity to object by Debtor.

Name of Creditor    N/A    Collateral

Revised 9/05    Page 4 of 5

Case Number: 10-09016-13

16. **Rejection of Claim, Return of Collateral.** Debtor(s) elect not to assume the lease or contract with creditors (their agents and assigns) named in this paragraph and shall surrender to such creditor the collateral subject to creditor's lien or lease in full satisfaction of any secured claim arising from the transaction creating creditor's interest in said property.

| Name of Creditor | Collateral |
|---|---|
| N/A | |

17. **Post-Petition Claims.** Claims allowed for post-petition debts incurred by debtor(s) may be paid in full 100% of the claim in such order and on such terms as the Trustee, in his sole discretion, may determine. Trustee or any adversely affected party in interest may file to dismiss case if debtor(s) incur post-petition debts without the written consent of Trustee and debtor(s) fail to make sufficient payments to keep such obligations current.

N/A

18. **General Provisions.** Post-Petition earnings while this case is pending shall remain property of the estate and shall not vest in the debtor notwithstanding §1327. Any remaining funds held by the Trustee after dismissal or conversion of a confirmed case may be distributed to creditors pursuant to these Plan provisions. Pursuant to §1322(b)(3), Trustee shall have the power to waive, in writing and on such conditions as the Trustee may impose, any default in debtor's payment to Trustee under this Plan. Any tax refunds or other funds sent to the debtor(s) in care of the Trustee during this case may be deposited to debtor(s) account and disbursed to creditors pursuant to the plan.

NA

Special Note: This plan is intended as an exact copy of the Chapter 13 (recommended form) plan revised 9/05, except as to any added paragraphs after paragraph 18 above. The trustee shall be held harmless from any changes in this plan from the recommended plan dated 9/05.

Plan Dated: 6/09/10
( DATE IS MANDATORY )

Debtor: *Alicia Amand* [signature]

Joint Debtor: _____

Revised 9/05                    Page 5 of 5

| Form **56** (Rev. December 2007) Department of the Treasury Internal Revenue Service | **Notice Concerning Fiduciary Relationship** (Internal Revenue Code sections 6036 and 6903) | OMB No. 1545-0013 |

### Part I  Identification

| Name of person for whom you are acting (as shown on the tax return) | Identifying number | Decedent's social security no. |
|---|---|---|
| ALICIA MORA ARMENDARIZ | 560060473 | |

Address of person for whom you are acting (number, street, and room or suite no.)
1072 Darwin Drive

City or town, state, and ZIP code (If a foreign address, see instructions.)
Oceanside, CA 92056

Fiduciary's name
David L. Skelton

Address of fiduciary (number, street, and room or suite no.)
525 B St., Suite 1430

| City or town, state, and ZIP code | Telephone number (optional) |
|---|---|
| San Diego, CA 92101-4507 | ( 619 )  338-4006 |

### Part II  Authority

**1**  Authority for fiduciary relationship. Check applicable box:
  **a(1)** ☑ Will and codicils or court order appointing fiduciary . . . . . . . . . .  **(2)** Date of death _____
  **b(1)** ☑ Court order appointing fiduciary . . . . . . . . . . . . . .  **(2)** Date (see instructions) _____
  **c**  ☑ Valid trust instrument and amendments
  **d**  ☑ Other. Describe ▶ ALL COMMERCIAL TRANSACTIONS AS DIRECTED _____

### Part III  Nature of Liability and Tax Notices

**2**  Type of tax (estate, gift, generation-skipping transfer, income, excise, etc.) ▶ ALL _____
**3**  Federal tax form number (706, 1040, 1041, 1120, etc.) ▶ ALL _____
**4**  Year(s) or period(s) (if estate tax, date of death) ▶ From 07/DEC/1955 to present and following years thereafter _____
**5**  If the fiduciary listed in Part I is the person to whom notices and other written communications should be sent for **all** items described on lines 2, 3, and 4, check here . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☑
**6**  If the fiduciary listed in Part I is the person to whom notices and other written communications should be sent for **some** (but not all) of the items described on lines 2, 3, and 4, check here ▶ ☐ and list the applicable federal tax form number and the year(s) or period(s) applicable _____
_____

### Part IV  Revocation or Termination of Notice

#### Section A—Total Revocation or Termination

**7**  Check this box if you are revoking or terminating all prior notices concerning fiduciary relationships on file with the Internal Revenue Service for the same tax matters and years or periods covered by this notice concerning fiduciary relationship . ▶ ☐
  Reason for termination of fiduciary relationship. Check applicable box:
  **a** ☐ Court order revoking fiduciary authority
  **b** ☐ Certificate of dissolution or termination of a business entity
  **c** ☐ Other. Describe ▶

#### Section B—Partial Revocation

**8a**  Check this box if you are revoking earlier notices concerning fiduciary relationships on file with the Internal Revenue Service for the same tax matters and years or periods covered by this notice concerning fiduciary relationship . . . . . . . . . ▶ ☐
  **b**  Specify to whom granted, date, and address, including ZIP code.
    ▶ _____

#### Section C—Substitute Fiduciary

**9**  Check this box if a new fiduciary or fiduciaries have been or will be substituted for the revoking or terminating fiduciary and specify the name(s) and address(es), including ZIP code(s), of the new fiduciary(ies) . . . . . . . . . . . . . . . ▶ ☐
  ▶ _____

For Paperwork Reduction Act and Privacy Act Notice, see back page.    Cat. No. 16375I    Form **56** (Rev. 12-2007)

Form 56 (Rev. 12-2007)     Page **2**

### Part V — Court and Administrative Proceedings

| Name of court (if other than a court proceeding, identify the type of proceeding and name of agency) | Date proceeding initiated |
|---|---|
| Address of court | Docket number of proceeding |

| City or town, state, and ZIP code | Date | Time a.m. / p.m. | Place of other proceedings |
|---|---|---|---|

### Part VI — Signature

**Please Sign Here**

I certify that I have the authority to execute this notice concerning fiduciary relationship on behalf of the taxpayer.

▶ _____     **Authorized Represtative** _____    _____
    Fiduciary's signature                               Title, if applicable                           Date

Form **56** (Rev. 12-2007)

| Form **56** (Rev. December 2007) Department of the Treasury Internal Revenue Service | **Notice Concerning Fiduciary Relationship** (Internal Revenue Code sections 6036 and 6903) | OMB No. 1545-0013 |

### Part I — Identification

**Name of person for whom you are acting (as shown on the tax return)**
BRIAN ANTHONY ARMENDARIZ

**Identifying number**
556119904

**Decedent's social security no.**

**Address of person for whom you are acting (number, street, and room or suite no.)**
1072 Darwin Drive

**City or town, state, and ZIP code (If a foreign address, see instructions.)**
Oceanside, CA 92056

**Fiduciary's name**
David L. Skelton

**Address of fiduciary (number, street, and room or suite no.)**
525 B St., Suite 1430

**City or town, state, and ZIP code**
San Diego, CA 92101-4507

**Telephone number (optional)**
( 619 )   338-4006

### Part II — Authority

1 Authority for fiduciary relationship. Check applicable box:
- a(1) ☑ Will and codicils or court order appointing fiduciary . . . . . . . . . . (2) Date of death _____
- b(1) ☑ Court order appointing fiduciary . . . . . . . . . . . . . . . (2) Date (see instructions) _____
- c ☑ Valid trust instrument and amendments
- d ☑ Other. Describe ▶ ALL COMMERCIAL TRANSACTIONS AS DIRECTED

### Part III — Nature of Liability and Tax Notices

2 Type of tax (estate, gift, generation-skipping transfer, income, excise, etc.) ▶ ALL
3 Federal tax form number (706, 1040, 1041, 1120, etc.) ▶ ALL
4 Year(s) or period(s) (if estate tax, date of death) ▶ From 09/MAY/1958 to present and following years thereafter
5 If the fiduciary listed in Part I is the person to whom notices and other written communications should be sent for **all** items described on lines 2, 3, and 4, check here . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☑
6 If the fiduciary listed in Part I is the person to whom notices and other written communications should be sent for **some** (but not all) of the items described on lines 2, 3, and 4, check here ▶ ☐ and list the applicable federal tax form number and the year(s) or period(s) applicable _____

### Part IV — Revocation or Termination of Notice

#### Section A—Total Revocation or Termination

7 Check this box if you are revoking or terminating all prior notices concerning fiduciary relationships on file with the Internal Revenue Service for the same tax matters and years or periods covered by this notice concerning fiduciary relationship . ▶ ☐
Reason for termination of fiduciary relationship. Check applicable box:
- a ☐ Court order revoking fiduciary authority
- b ☐ Certificate of dissolution or termination of a business entity
- c ☐ Other. Describe ▶

#### Section B—Partial Revocation

8a Check this box if you are revoking earlier notices concerning fiduciary relationships on file with the Internal Revenue Service for the same tax matters and years or periods covered by this notice concerning fiduciary relationship . . . . . . . . . ▶ ☐
b Specify to whom granted, date, and address, including ZIP code.
▶ _____

#### Section C—Substitute Fiduciary

9 Check this box if a new fiduciary or fiduciaries have been or will be substituted for the revoking or terminating fiduciary and specify the name(s) and address(es), including ZIP code(s), of the new fiduciary(ies) . . . . . . . . . . . . . . ▶ ☐
▶ _____

For Paperwork Reduction Act and Privacy Act Notice, see back page.   Cat. No. 16375I   Form **56** (Rev. 12-2007)

Form 56 (Rev. 12-2007)          Page **2**

## Part V    Court and Administrative Proceedings

| Name of court (if other than a court proceeding, identify the type of proceeding and name of agency) | Date proceeding initiated |
|---|---|
| Address of court | Docket number of proceeding |

| City or town, state, and ZIP code | Date | Time    a.m. / p.m. | Place of other proceedings |
|---|---|---|---|

## Part VI    Signature

**Please Sign Here**

I certify that I have the authority to execute this notice concerning fiduciary relationship on behalf of the taxpayer.

▶ _____      **Authorized Represtative** _____      _____
    Fiduciary's signature                                           Title, if applicable                                  Date

Form **56** (Rev. 12-2007)